Good morning everyone. The cases will be called in the order listed on the docket. The first two cases, Lamas Castaneda v. Garland and United States v. Sakona have been submitted on the briefs. The first case on calendar for argument is Callender v. Dept of the Prosecuting Attorney. Good morning. Good morning. May it please the court. I am a representative of the plaintiff appellant calendars in this matter and I believe the question, the issue before the court. Could you state your name counsel? Paul Smith. The issue before the court is whether the district court failed to recognize an official's misconduct from bringing a claim and preventing the calendars from bringing a claim is protected by 1983. And there's well established precedent in this circuit from the Ninth Circuit Court of Appeals that a successful attempt by defendants to deprive a potential plaintiff of his right to bring a section 1983 action may well amount to an actionable deprivation of federally protected rights. So the right at issue, which the district court apparently was unable to recognize for whatever reason, is the Fifth Amendment to the United States Constitution. Counsel, before we get there, even if there were a claim, was it filed within the statute of limitations? Well, the way I need to answer that question, Your Honor, is that because we're dealing with a cover up conspiracy to thwart the plaintiff's ability to bring a claim, the harm that occurred is the dismissal of the plaintiff's cause of action by the United States District Court in 2021. So to answer your question, Your Honor, yes, this, the claim, the case that is before this court is within the statute of limitations because the harm of the conspiracy and the cover up by government officials to block a plaintiff from bringing their claim actually manifested when the United States District Court dismissed the plaintiff's cause of action. I'm not following that. I mean, it seemed that the claim was that she wanted to, your clients wanted to bring a suit over an assault and that some amount of time went by where that those charges weren't brought or they weren't raised to local officials. But what prevented that? I mean, they may have had reasons for not thinking it's a good idea to go forward with it, but I think the standards for tolling are stronger. They're higher than that. They have to be prevented from it. So what prevented them from going forward earlier? The allegations in the complaint, Your Honor, are that the by the government officials thwarted the plaintiff's ability to successfully. But what specifically, what specifically was the cover up and conspiracy? For example, Your Honor, without reciting every paragraph of the complaint, but for example, the prosecutor stating to the plaintiff that there would not be a successful claim, there would be no prosecution against against the prosecutor and the police officers getting together and not doing a proper investigation, not preparing appropriate police reports or even doing an investigation, basically sweeping the entire case under the rug. So in this court in the Ninth Circuit in Dooley versus Reese specifically said at 736 Fed Second 1392 that a plaintiff's case is protected under the Constitution by the Due Process Clause as property, cites the United States Supreme Court. But what does that have to do with tolling the statute of limitations? Well, because first of all, there's this simple principle of the discovery rule that a plaintiff who doesn't learn of their harm, in this case, that their case was basically interfered with and hindered in their being able to successfully present evidence and bring their case, that manifestation of the harm did not occur until the United States District Court. But don't the cases say the statute doesn't run from the effects of the violation, but from the violation itself? So the harm can be felt later, but it's the statute of limitations begins to run from the date of the injury. And the injury in this case was the purported assault. Isn't that correct? Yes, Your Honor, but there's another injury. The other injury is the cover-up. So there's two injuries. As Your Honor may recall, in the 1960s, the government, there's a case cited in the Dooley versus Reese case from the Ninth Circuit. In the Dooley case, they cite to the Black Panthers being raided by federal police officials in Chicago in the 1960s. In that case, there was a harm, which was the individuals were shot without any warning. But the court specifically says that's the first harm. The second harm is the cover-up. So there are two harms. And just as in this case, there are two harms. The first harm is the assault. The second harm is the cover-up to the assault. And this is where the United States District Court below erred in not allowing the plaintiffs to amend their complaint to allege that the dismissal of their cause of action, based on the passage of a statute of limitations, was the harm that the plaintiffs had suffered due to the cover-up. Did you cite the Dooley case in your brief? I was not on the case before. I don't believe Dooley was cited. But the principles of Dooley were cited. Well, could you give me the citation for that case? I'd like to read it for myself. Thank you very much, Your Honor. Dooley v. Reese is 736, Fed 2nd, 1392, 9th Circuit, 1984. And it cites to Logan v. Zimmerman, which is a United States Supreme Court opinion, at 4- I just needed the case. I just want to look at it. Thank you. Thank you very much, Your Honor. And that's why we believe that this court should vacate and allow the plaintiffs' leave to amend to see if they can assert a cause of action below, under the Fifth Amendment, that their right to property, their case, was interfered with by the cover-up and- Their case, meaning the case that the state would have brought against the defendant here? Correct. And that they would be able to assault and battery. But for the cover-up and sweeping under the rug of the facts, the plaintiffs were thwarted in successfully bringing that case as exemplified by the dismissal of their case. For the court to affirm below, you're basically rewarding the conspirators in the cover-up. Well, the specific facts that you would allege in the cover-up are what? We would allege that the cover-up of the investigation into the assault, the cajoling and steering the plaintiffs away from pursuing any legal action by a government official, which are acts under color of law. As the court knows, color of law is very broad. It's not course and scope of duty. It's actions taken within the power of the government officials. So these actions to thwart their case essentially infringed the Fifth Amendment right to property. And so we should be allowed to at least allege a cause of action. And the district court below erred in finding that it was futile. That was the sole basis for why they- Where I'm having difficulty with this is that your client knew that charges weren't being pressed. It wasn't as though she was told, no, they will be pressed, and then it turned out they won't be. There was an incident that was told early on that this is not going to go anywhere. And many, a good amount of time passed, and there were different events along the way involving the relationship between these parties. But what I'm struggling to see is what prevented her from, what made it impossible or extraordinary or some of these other terminology that we see in the equitable tolling cases about why she could not have brought this particular lawsuit earlier than she did. That's my difficulty. Well, these statements were made to her by an attorney, by a prosecutor, under the badge of authority of law, or at least of the power of the position, and basically explaining to the plaintiffs that they don't have a case, that nothing will come of it. And so it's a cover-up. It's a concealment. At what point did she figure out that this was a cover-up? I mean, if this was a cover-up, it at some point was exposed. Well, the complaint alleges that when another attorney in Honolulu brought a case or raised a case against the prosecutor, that she became aware that this was something more than, that what she'd been told was not true. So we would ask the court to allow us to plead those facts, to see if we are able to plead those facts. But this is not a circumstance of futility where there is no circumstance that the complaint can be amended. We believe that there is, especially since the harm of the cover-up was manifested in 2021 within the statute of limitations when the United States District Court rewarded the defendants for the cover-up by dismissing the plaintiff's cause of action. But I see Your Honor's point. Your Honor is correct that some of the facts do go back more than two years, which have to do with the underlying assault, the underlying battery. But the cover-up occurred continuously and persistently thereafter, preventing the plaintiff from successfully bringing a cause of action, resulting in a Fifth Amendment deprivation of the plaintiff's property right when their case was dismissed. So, thank you, Your Honor. All right, counsel. I'll give you a minute for rebuttal, mainly because I want you to look at the Dooley case and then point me to the precise language you're relying upon to support your position that it supports tolling in this case. Thank you, Your Honor. Thank you. We'll hear from the government. May it please the Court. Emlyn Higa. I'm a defendant appellee. I'm appearing pro se in my individual capacity only. As to the theory that the plaintiff appellant has just brought up, that the claim was for a cover-up of the assault, the alleged assault on December 5, 2016, and that the harm was manifested in 2021. None of that was alleged in the first amended complaint. Well, that's his point. He wants to get permission to amend it, to allege those things. Right. That was not brought up when we filed our 12B6 motion. That cover-up theory also was not brought up at that time. That's neither here nor there. If he now can make a valid argument that the complaint should be amended, then that would be the state of affairs. So, what happened beforehand doesn't really negate the ability to amend the complaint, does it? Well, from the standpoint of, since that wasn't, this is the first time it's ever been brought up. It wasn't in the opening brief, and that's why it wasn't addressed in the answering briefs. This is a completely new theory of what their claims are. So, I'm trying to... Is it your position that the complaint, even if we allow, or if we say that the district court should have allowed amendment, that he cannot state a claim based on those facts? That would be my second response. My first would be that Judge Otake never had the opportunity to rule on that point, because they never raised it. They never said, in response to the 12B6, let us amend our complaint so that we can allege cover-up, because then she could have said, fine, do a second amended complaint and make your allegation of cover-up. Now, they did have a chance to do a second amended complaint, and they never brought this up. The problem with your position, from my point of view, is that our case law says that leave to amend should be liberally granted, even if it's not requested. So, what do we do with that authority? Well, I guess the remedy for that, even though they're bringing this up for the first time at oral argument, is to remand and say, okay, let them do a third amended... Let the district court decide if amendment should be granted, right? I'm sorry? Let the district court decide whether or not leave to amend should be granted. Yes. And then if they amend as they're, according to this theory, then the defendants have a chance to bring a 12B6 again, if we think it's appropriate. But you said your fallback position is, even if they were allowed to amend, this theory does not prevail. So, what is your argument on that? That it would be futile to allow them to amend, because this theory is not plausible. Yeah. The first amended complaint, and the proposed second amended complaint, the specific facts that they're alleging, to overlay on both of those, both the first amended complaint and the proposed second amended complaint, let me overlay on the facts of those that they allege a cover-up, as described by Mr. Smith. The facts that are alleged in those complaints are first, as to Trey Callender, that he was told by Detective Liu on December 5, 2016, when the police showed up to investigate the assault, that if you pursue criminal charges, we will just say that you hit him first. Okay? And that's the only allegation as to Trey, which would fit any kind of theory on equitable tolling, whether it's going to be cover-up. Now, on that statement alone, if you pursue, we're just going to say that you hit him first, is not a fact that supports cover-up. I mean, they're not seeking, they're not saying, we're going to hide the assault. They're saying, if the assault is pursued, we are going to testify against you. So they're not saying, we're going to bury this, or anything like that. And as far as the statement, if you pursue this, we will say that you hit him first. Are you the person they're accusing of having assaulted? Yes. And so the allegation was that you said that you could get away with it, that nothing would happen. Is that true? No, the allegation in the complaint is that I told Tamira that my boss said that nothing would happen. That's the allegation. Were you all in a personal relationship? Yes. At the time of the alleged assault, I guess we had a personal relationship for about a year, a year and a half at that point. I'm sorry if I'm getting away from the record. Any other questions? All right. Thank you. May it please the court. My name is Glenn Pasquale. I'm a Deputy Corporation Counsel for the County of Maui. I'm here representing the following defendants, appellees, the Department of the Prosecuting Attorney of the County of Maui, Maui Police Department, Ellen Higa in his official capacity, Nikolai Arriga in his individual and official capacity, John Kalama individually and in his official capacity, and Wendell Liu individually and in his official capacity. I do wish to set aside one minute of my time for rebuttal, if appropriate. You don't get rebuttal. Oh, okay. That's fine. We ask that you affirm the U.S. District Court's judgment in this case. The District Court correctly dismissed the appellant's First Amendment complaint and did not abuse its discretion when it denied appellant's motion for leave to file a Second Amendment complaint. What do you think is the strongest basis for dismissal of the complaint? I think the strongest basis is, well, for number one, it's outside the statute of limitations. The incident occurred in 2016. They didn't file a complaint until 2020, four years after the incident. What's your response to opposing counsel's position that there was a subsequent cover-up that told the statute of limitations? Well, first of all, you know, that issue was not briefed in their opening brief, and so I'm hearing it for the first time here today. Reference to the Dooley case, I think, is being made for the first time today. But my response to that is they still have to amend or they still have to plead facts that support it. You're asking me whether it would toll the statute of limitations? Where are the facts pled about a cover-up in the proposed Second Amendment complaint? Because we have that document in the record. It's a red line. There's some changes. Most of them expand on allegations that the district court already rejected. There seems to be a new argument about a new factual allegation relating to an incident that occurred outside the personal residence where he tried to run over her with a car. That was a new allegation, but that's not a cover-up. I agree with you there. I mean, and again, that's why I'm surprised that he's making this claim today. Because we're not, I mean, I wasn't prepared for it. I wasn't given notice of it in his opening brief or even in his reply. You know, this whole thing about a conspiracy or cover-up. So I'm not necessarily prepared to respond to that issue right now, but I think overall just... You know the facts of the case, correct? Yes. Is there any way that the facts of the case could be pled to allege a cover-up? I can't see it. Moreover, the plaintiff is alleging that all of these cover-ups were done under the color of state law. And the actions of Mr. Higa in this case that are being alleged were all private actions, personal actions related to his relationship with the plaintiff. That's why I asked him if he was in a personal relationship, because the flavor of it kind of came across. Yeah, and that's precisely what the facts are that they were in a personal relationship. And the acts of helping her with her government assistance and providing her with money, those are all personal favors, not done under the official color of law. In other words, the office of the district attorney would not have empowered him or authorized him to conduct those activities on behalf of the office? Definitely not. So again, the plaintiff has had multiple opportunities to try to amend. They filed a complaint, they filed a first amendment complaint, they filed a motion for leave to file a second amendment complaint. Now they're asking for another opportunity to include a conspiracy theory in their complaint. I think it's pretty clear at this point that any attempt to amend their complaint would be futile. And so I think that you should affirm the U.S. District Court's decision. Any questions? Anything further, counsel? No, Your Honor. All right, thank you. Let's put one minute for rebuttal. Starting with the reference to the language in Dooley that you think counsel supports your argument that equitable tolling should, that tolling should apply. Yes, Your Honor. In Dooley, I'm reading from the case. What page? I don't have a parallel site. It's under section nine. Headnote nine? Yes, Your Honor. Let me get there. Headnote nine. Headnote nine is the award of attorneys fee? No, no, Your Honor. I apologize. It's a section, it's called a claims under section 1983. Got it. That is the section of the case. Got it. All right, and... Is this talking about claims under 1985 and 1986, not 1983? No, except, so I apologize, Your Honor. Section A claims under section 1983. Okay, all right. And it begins with to state a claim under 42 U.S.C. section 1983. Right. And then the case goes down and says... I ask you to give me the precise language that you're relying upon to say that Dooley supports the argument that this case should be tolled. Give me that precise language. Okay, in that paragraph it says, nor were plaintiffs deprived of a federal right by the defendant's attempts to conceal certain evidence. The attempt ultimately failed. A successful attempt by defendants to deprive a potential right, excuse me, a potential plaintiff of his right to bring a section 1983 action might well amount to an actionable deprivation of federally protected rights. You might have a cause of action. It doesn't say it tolls a cause of action you already have. That's correct, Your Honor. So what would happen is that Dooley goes on in that paragraph and says, as much as possible, a plaintiff who's had a delay in their case, infringing or harming their case, should try to raise that in the parent case. And if not, all that's going to happen is the plaintiff's going to refile the case and say, there's the harm, 2021, when the United States District Court dismissed the case. I understand your argument. Not mine, but I understand. I understand. Dooley says that the plaintiff should be allowed to raise that harm in the existing case. Yes, of course. Can I ask you, sir, we're in the proposed Second Amendment complaint. Is there an allegation of a cover-up and conspiracy? What are the new allegations that you're pointing to? The gravamen of the pleadings from the plaintiffs in this case have been that there was a cover-up, that they were misinformed, that they were misled, that evidence was concealed. That's pled throughout our original First Amendment complaint. What evidence was allegedly concealed? I believe counsel himself has made reference to that, that if you bring a claim, they'll just say that you initiated the assault first, that Trey hit Mr. Higa first. In the assault, that's a concealment, that's a cover-up, and the plaintiffs were misled and harmed. When they finally did bring a case, the statute of limitations was deemed to have run, which basically means that the government officials were rewarded for their cover-up. That's why we don't think this court should reward the government officials for a cover-up by finding that the statute of limitations was violated, because the harm to their case actually occurred in 2021 when the United States District Court dismissed their case. Counsel, if we read the Second Amendment complaint and we don't agree that a cover-up is adequately pled, do you lose? We should be allowed to amend and state the causes of action that we have, including the fact that the harm occurred as a result of the District Court's decision. You already did that in the Second Amendment complaint, in the proposed Second Amendment. I was not counsel of record at that time, so I can't speak to that. You're stuck with what's in there. The record is the record. So if the proposed Second Amendment complaint did not give a plausible claim for a cover-up, do you lose? No, because we should be allowed to amend to assert a proper cause of action for a cover-up. Liberally, the leave to amend should be granted liberally and freely so we can arrive at the merits. If the court has already given the opportunity to amend and no viable complaint has been alleged, then the court within its discretion may deny further leave to amend, regardless of the policy of liberal amendment. Isn't that correct? That's correct, but it should exercise its discretion in favor of liberality of amendment and allowing plaintiffs to pursue their case. All right. I think it already did, but thank you, counsel, for your argument. Thank you both for your argument. The case just argued is submitted for a decision by the court.
judges: SCHROEDER, RAWLINSON, BRESS